JH/SCF/ 2025R00667

**FILED**
AUG 27 2025
4:45 pm
AT 8:30 ___ JD ___ M
CLERK, U.S. DISTRICT COURT - DNJ

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Julien Xavier Neals |
| v. | Crim. No. 25-517 |
| JEROME SHAMBERGER | 18 U.S.C. § 922(g)(1)<br>21 U.S.C. §§ 841(a)(1) and (b)(1)(C)<br>18 U.S.C. § 924(c)(1)(A)(i) |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT ONE
(Possession of Firearms and Ammunition by a Convicted Felon)

On or about January 22, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**JEROME SHAMBERGER,**

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms and ammunition, namely: (1) one Glock 21 .45 caliber semi-automatic handgun, bearing serial number PAU893, equipped with an extended magazine and loaded with twenty-six rounds of ammunition; and (2) one Taurus F2 9 millimeter handgun, bearing serial number TLU62001, and the firearms and ammunition were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

1

## Count Two
### (Possession with Intent to Distribute Methamphetamine)

On or about January 22, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**JEROME SHAMBERGER**,

did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and methylenedioxymethamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE
(Possession of Firearms in Furtherance of a Drug Trafficking Crime)

On or about January 22, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

## JEROME SHAMBERGER,

in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, namely, possession with intent to distribute controlled substances as charged in Count Two of this Indictment, did knowingly possess firearms, namely, one Glock 21 .45 caliber semi-automatic handgun, bearing serial number PAU893, equipped with an extended magazine and loaded with twenty-six rounds of ammunition, and one Taurus F2 9 millimeter handgun, bearing serial number TLU62001.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATION AS TO COUNTS ONE AND THREE

1.     The allegations contained in Counts One and Three of this Indictment are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offenses in violation of Title 18, United States Code, Sections 922(g)(1) and 924(c)(1)(A)(i), set forth in Counts One and Three of this Indictment, respectively, the defendant,

**JEROME SHAMBERGER,**

shall forfeit to the United States any firearms and ammunition involved in or used in the commission of such offenses, including, but not limited to, the following:

(1)   one Glock 21 .45 caliber semi-automatic handgun, bearing serial number PAU893, equipped with an extended magazine and loaded with twenty-six rounds of ammunition, and

(2)   one Taurus F2 9 millimeter handgun, bearing serial number TLU62001.

## FORFEITURE ALLEGATION AS TO COUNT TWO

1. The allegations contained in Count Two of this Indictment are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of the offense in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), set forth in Count Two of this Indictment, the defendant,

## JEROME SHAMBERGER,

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the said offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count Two of this Indictment.

## Substitute Assets Provision
**(Applicable to All Forfeiture Allegations)**

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A TRUE BILL.

TODD BLANCHE
U.S. Deputy Attorney General

*Alina Habba* /RLW by permission
Alina Habba
Acting United States Attorney
Special Attorney

Javon Henry
Samantha C. Fasanello
Assistant United States Attorneys

CASE NUMBER: 25-517

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

JEROME SHAMBERGER

INDICTMENT FOR

18 U.S.C. § 922(g)(1)
21 U.S.C. §§ 841(a)(1) and (b)(1)(C)
18 U.S.C. § 924(c)(1)(A)(i)

TODD BLANCHE
ES DEPUTY ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

JAVON HENRY
SAMANTHA C. FASANELLO
ASSISTANT U.S. ATTORNEYS
NEWARK, NJ
973-297-2897